

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 08, 2016.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-52591-CAG |
| | § | |
| ANDREA HALL DOOLITTLE, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |

_____

| | | |
|---|---|---|
| PAUL DOOLITTLE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 16-05005-CAG |
| | § | |
| ANDREA HALL DOOLITTLE, | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12) AND DENYING DEFENDANT'S FIRST AMENDED MOTION FOR SUMMARY JUDGMENT (ECF NO. 15)

Came on for consideration the above-numbered adversary proceeding and, in particular

Plaintiff's Motion for Summary Judgment (ECF No. 12[1]) and Defendant's First Amended Motion

for Summary Judgment (ECF No. 15). The Court also considered Plaintiff's Response to

Defendant's First Amended Motion for Summary Judgment (ECF No. 16) and Defendant's

Response to Plaintiff's Motion for Summary Judgment (ECF No. 19). This Court took the matter

under advisement after a hearing, held August 11, 2016. After considering the pleadings and

arguments of counsel contained therein, the Court finds that Plaintiff's Motion for Summary

Judgment should be granted and Defendant's First Amended Motion for Summary Judgment

should be denied.

As an initial matter, the Court finds that it has jurisdiction over this proceeding under 28

U.S.C. §§ 157(b) and 1334 (2012). This matter is a core proceeding under 28 U.S.C.

§§ 157(b)(2)(I) (determinations as to the dischargeability of particular debts), in which the Court

may enter a final order. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is referred

to the Court pursuant to the District's Standing Order of Reference.

## PROCEDURAL BACKGROUND

Debtor Andrea Hall Doolittle ("Defendant") filed a voluntary petition under Chapter 7 of

the Bankruptcy Code on October 26, 2015. On January 22, 2016, Plaintiff Paul M. Doolittle

("Plaintiff") filed his Original Complaint Objecting to Dischargeability of Debt alleging that

attorney's fees assessed against Defendant in a state court judgment entered against Defendant is

non-dischargeable in bankruptcy under 11 U.S.C. §§ 523(a)(5), (15)[2].

The parties agree that on or about October 23, 2015, the 131st Civil District Court of Bexar

County, Texas awarded a judgment regarding modification of the parent-child relationship and

---

[1] Unless otherwise noted, all references to "ECF" herein refer to documents filed in Adversary Case No. 16-05005-cag.
[2] Unless otherwise indicated, all references are to 11 U.S.C. et seq.

awarded attorney's fees to Plaintiff and against Defendant in the amount of $1,050,000.00, plus

interest of five percent per year, compounded annually (hereinafter "State Court Judgment"). The

parties agree that the State Court Judgment is based on the jury's findings pursuant to the Texas

Family Code and is a final judgment. Finally, the parties agree that prior to the State Court

Judgment, the parties engaged in years of protracted litigation. During that time, the Fourth Court

of Appeals denied three Writs of Mandamus, and the Supreme Court of Texas declined a petition

for review.

On August 11, 2016, this Court conducted a hearing on Plaintiff's Motion for Summary

Judgment and Defendant's First Amended Motion for Summary Judgment, and took the matter

under advisement.

<u>ANALYSIS</u>

I.     <u>Summary Judgment Standard</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Federal Rule

of Bankruptcy Procedure 7056 applies Rule 56(c) of the Federal Rules of Civil Procedure to

adversary proceedings. If summary judgment is appropriate, the Court may resolve the case as a

matter of law. *Celotex Corp.*, 477 U.S. at 323; *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir.

1994). The Fifth Circuit has stated "[t]he standard of review is not merely whether there is a

sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could

find for the non-moving party based upon evidence before the court." *James v. Sadler*, 909 F.2d

834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986)).

To the extent that the non-moving party asserts the existence of factual disputes, the evidence offered by the non-moving party to support those factual contentions must be of sufficient quality so that a rational fact finder might, at trial, find in favor of the non-moving party. *See Matsushita*, 475 U.S. at 585–87 (non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts"); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) ("adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial"). If the record "taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *LeMaire v. Louisiana*, 480 F.3d 383, 390 (5th Cir. 2007).

In determining whether a genuine issue of material fact exists, the nonmoving party must respond to a proper motion for summary judgment with specific facts demonstrating that such genuine issue exists. "A genuine issue of material fact is not raised by mere conclusory allegations or bald assertions unsupported by specific facts." *Leon Chocron Publcidad Y Editoria, S.A. v. Jymm Swaggart Ministries*, 990 F.2d 1253, at \*2 (5th Cir. 1993). The formula does not vary where the plaintiff challenges the defendant's affirmative defense in its summary judgment. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1075 (5th Cir. 1997). Defendant must still "present admissible evidence legally sufficient to sustain a finding favorable to [the defendant] … on each element of that defense." *Id.* (citing *Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994)).

## II.    Parties' Contentions

Plaintiff argues that the attorney's fees incurred in the State Court Judgment are not dischargeable. Plaintiff contends that a discharge under §§ 727, 1141, 1228(a), 1228(b), or 1328(b)

4

of the United States Bankruptcy Code does not contemplate a discharge of an individual debtor from a debt for a domestic support obligation or other obligation owed to a spouse, former spouse, or child of the debtor, stemming from a separation agreement, decree of divorce, or other order of court. Plaintiff believes that the award of attorney's fees within the State Court Judgment is unmistakably characterized as a type of domestic obligation that survives bankruptcy and must ultimately be paid by the debtor. To put the issue broadly, the Plaintiff contends that attorney's fees incurred in this child custody litigation cannot be discharged through bankruptcy.

In response, Defendant argues that the award of attorney's fees is a dischargeable debt under the Bankruptcy Code, and that the attorney's fee award cannot be couched as a domestic support obligation or other type of non-dischargeable debt under current bankruptcy law. Further, Defendant contends that the State Court Judgement is devoid of any language that implies or infers that the attorney's fees awarded were for a spousal support, alimony, child support, or a domestic obligation of any kind. Defendant believes that, for the attorney's fees in this case to be classified as a domestic support obligation, or other domestic obligation immune from discharge, the state court would have needed to unmistakably designate the award of attorney's fees as a type of non-dischargeable obligation.

### III. Court's Analysis

In the case at bar, Defendant relies heavily on the Texas Supreme Court's holding in *Tucker v. Thomas*. 419 S.W.3d 292 (Tex. 2013). In *Tucker*, the issue presented to the court was "whether a trial court has authority to order a parent to pay attorney's fees as additional child support in a non-enforcement modification suit under Title 5 of the Texas Family Code." *Id.* at 293. Plaintiff, however, contends that *Tucker* is not instructive to the issues at bar and should not be applied to the facts in the case at bar. This Court agrees. *Tucker* stands for the proposition that

5

without the authorization of statute, "a trial court does not have discretion to characterize attorney's fees awarded in nonenforcement modification suits as necessaries or additional child support." *Tucker,* 419 S.W.3d at 293. Therefore, a Texas trial court would need to determine whether an action involving child custody is an enforcement action or other type of proceeding, such as a custody modification, in order to grant an award of attorney's fees. *Tucker* provides guidance to a trial court in deciding whether it has the ability to award attorney's fees in a non-enforcement action. *Tucker*, 419 S.W.3d at 293. Its holding cannot broadly constrain a bankruptcy court from making a determination about the dischargeability of a particular debt, enforcement proceeding or not. Dischargeability is a broader issue than enforcement versus non-enforcement actions, with the only appropriate analysis in this instance being whether or not the case at bar is a child custody dispute or domestic support obligation contemplated under both case law and the Bankruptcy Code as being non-dischargeable. In the current case, this Court has a final judgment from state court that must be given deference. This Court was not asked to review whether attorney fees were appropriately awarded to party. If this were the case, *Tucker* would absolutely serve as guideline, but the Court is not tasked with determining this issue. This Court must review a broader issue, which is the dischargeability of attorney's fees that were granted in the State Court Judgment. Therefore, application of *Tucker* to this set of facts is inappropriate and not instructive to the issues at bar.

Further, a general understanding of bankruptcy case law and statutes dictates this broad reading and interpretation, as Congress clearly did not want bankruptcy to be used as an escape valve for debts incurred from domestic support obligations and other familial obligations. *See* §§ 523(a)(5), (15) (2016) (stating that domestic support obligations and any other type of debt incurred through, or in connection with a divorce or separation agreement is non-dischargeable).

The Fifth Circuit has made it abundantly clear in a number of cases that the fees incurred by an attorney who represents a parent in a child custody dispute is non-dischargeable. *See **Dvorak v. Carlson (In re Dvorak)***, 986 F.2d 940, 941 (5th Cir. 1993) (holding that § 523(a)(5) "does not discharge a debtor from any debt for support of his or her child, if that debt is in connection with a court order." ); *see also **Sontag v. Prax (In re Sontag)***, 115 Fed. App'x. 680, 682 (5th Cir. 2004) (internal citations omitted) ("Attorney fees awarded in connection with a child custody dispute are for the benefit of the parties' children as the purpose of such a proceeding is to determine who can provide the best home and environment for the children at issue."). Furthermore, this is the exact fact scenario that is contemplated by § 523(a)(5) which states that domestic support obligations are non-dischargeable in bankruptcy. Defendant, however, argues in her response that despite the case law in this area, "the facts drive the law." Unfortunately for Defendant, the facts in the case at bar exemplify those issues that would bring a bankruptcy court's power to decide the dischargeability of attorney's fees into play. Here, the parties litigated over custody of their children and eventually were handed a judgment in state court that called for Defendant to pay over one million dollars in attorney's fees. This debt of attorney's fees was incurred by a child's parent, within the confines of a child custody dispute. Therefore, in keeping with the ample case law provided by the Fifth Circuit, this Court is inclined to hold the attorney's fees award as non-dischargeable.

Plaintiff relies on ***McCloskey v. McCloskey ((In re McCloskey)***, No. 05-31232-H5-7, 06-3012, 2014 Bankr. Lexis 711, at *26 (Bankr. S.D. Tex. 2015)), as well as other case law and statutes, as being instructive on the issue presented to this Court. Because of ***McCloskey***, and other instructive precedent, Plaintiff believes this debt is non-dischargeable as a domestic support obligation under § 523(a)(5). In ***McCloskey,*** the parties argued the issue of awarded attorney's

fees in conservatorship proceedings. The debtor, Christopher J. McCloskey, filed for bankruptcy, seeking a discharge of the award. This singular issue set up a string of appeals that eventually landed before the bankruptcy court to finally determine dischargeability. The Court held that attorney's fees awarded in custody disputes in Texas state district courts are not discharged in chapter 7 bankruptcy cases. *Id.* at *57. This reasoning follows the ample Fifth Circuit case law regarding dischargeability of this type of obligation. Because of its analysis and reasoning, this Court uses *McCloskey* as a guide. Here, Plaintiff also incurred attorney's fees through litigation of a child custody case, and seeks to block the dischargeability of this obligation. The holding in *McCloskey*, therefore, absolutely serves as a guidepost in deciding this issue. Furthermore the *McCloskey* court specifically addressed and held that *Tucker* and its holding was "not at issue" within the context of the bankruptcy proceeding. *Id.* at *26. Therefore, any attempt to undercut the holding in *McCloskey* by using the holding in *Tucker* is unsound.

Defendant also argues that this Court is "bound by the intent of the parties" at the time the State Court Judgment was entered. *In re Beacham*, 520 B.R. 561, 563 (Bankr. S.D. Tex. 2014) (citing *In re Nugent*, 484 B.R. 671, 679 (Bankr. S.D. Tex. 2012)). Defendant claims that because there is no mention or inference of intent of the parties on the state court judgment, this award of attorney's fees cannot be couched as an alimony, maintenance or support award under the definition of a domestic support obligation. At first blush, this seems like a compelling argument. A careful reading of the relevant statute, however, reveals the weakness of this argument. The Bankruptcy Code defines a domestic support obligation as a debt that is owed to "a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative" that is "in the nature of alimony, maintenance or support… of such spouse, former spouse or child of the debtor or such child's parent, without regard to *whether such debt is expressly designated so*."

§§ 101(14A)(A)(i) and (B) (2016) (emphasis added). A plain reading of this statute supports the conclusion that a debt under this section need not be expressly designated as alimony, maintenance or support to be considered as a non-dischargeable domestic support obligation. Therefore, the failure of the trial court to define what exactly the debt was for does not impair the classification of the debt as non-dischargeable.

While the Court recognizes the severe financial impact of its decision on either both parties, it is still charged with rendering a decision in accordance with the law. In reviewing the summary judgment evidence in the light most favorable to the non-movant, the Court finds that no genuine issues of material fact remain. Plaintiff provided a legal basis, as well as supporting evidence for finding that the award of attorney's fees in the State Court Judgment is a non-dischargeable debt. The Court therefore determines that there is no genuine issue of material fact and that the Court may resolve the case as a matter of law.

### CONCLUSION

In rendering a decision, this Court is inclined to follow the reasoning put fourth in a number of Fifth Circuit cases, as well as *McCloskey*. This Court declines to follow *Tucker* as it is not instructive for the issue at hand.

For these reasons, it is ORDERED that Plaintiffs' Motion for Summary Judgment (ECF No. 12) is GRANTED and Defendant's First Amended Motion for Summary Judgment is DENIED (ECF No. 15).

# # #